IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| TAMMIE ROGERS, as SPECIAL ADMINISTRATRIX of the ESTATE of JACQUELINE L. HILTON, Deceased | | PLAINTIFF |
| vs. | Case No. 4:26-cv-84-DPM | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and JANET MANN, in her Capacity as the Secretary of the Arkansas Department of Human Services | | DEFENDANTS |

## COMPLAINT

COMES now Plaintiff TAMMIE ROGERS, as Special Administratrix of the Estate of JACQUELINE L. HILTON, Deceased, as well as wrongful death claimants, and for her claims against ARKANSAS DEPARTMENT OF HUMAN SERVICES and JANET MANN, in her capacity as the Secretary of the Arkansas Department of Human Services, and for cause therefor would show the Honorable Court as follows:

### PARTIES

1. Plaintiff, TAMMIE ROGERS, is a resident of Benton, Saline County, Arkansas. She is the Special Administratrix of the Estate of Jacqueline L. Hilton.

2. Defendant ARKANSAS DEPARTMENT OF HUMAN SERVICES ("DHS" hereafter) is a governmental entity of the State of Arkansas. DHS is charged with the responsibility for administering the Medicaid program within the State of Arkansas.

3. Defendant JANET MANN ("MANN" hereafter) is a citizen and resident of Arkansas. Ms. Mann is the Secretary of the Arkansas Department of Human Services.

This case assigned to District Judge Marshall
and to Magistrate Judge Ervin

**JURISDICTION AND VENUE**

4.      This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims herein for declaratory and injunctive relief involving the assertion of rights under the laws of the United States, specifically 42 U.S.C. § 1396p, 42 U.S.C. § 1396k, 42 U.S.C. § 1396a, 42 U.S.C. § 1983, and the United States Supreme Court's decisions in *Arkansas Department of Health and Human Services, et. al. v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S. Ct. 1391 (2013).

6.      Venue in this Court is proper under 28 U.S.C. § 1391 because all Defendants reside within the Eastern District of Arkansas.

**FACTS**

7.      In 2022, Jacqueline L Hilton was seventy-six (76) years of age and living independently. She had a medical history of diabetes, hypertension, past CVA, atrial fibrillation, congestive heart failure, COPD, GERD, and MCA aneurysm. She also had a known history of falls at home. Ms. Hilton's at-home prescription medications included Eliquis and aspirin.

8.      On October 19, 2022, Ms. Hilton presented to CHI St. Vincent Hospital Hot Springs ("SVHHS") with complaints of abdominal pain, dizziness, and weakness. Blood labs and CT abdomen and pelvis where ordered. She had an elevated white blood count of 13.4 and the CT showed no acute findings. She was admitted for continued observation.

9.      Upon admission, she was designated a high fall risk due to mobility deficits. On the morning of October 20, 2022, she was assessed by the nursing staff to be a *low* fall risk with the only precaution noted a clutter-free room. The hospitalist noted that Ms. Hilton had intermittent

2

confusion and sluggish. She added "acute metabolic encephalopathy (unknown baseline mental status), possible dementia (on donepezil at home)" to his list of active problems.

10.     At approximately 12:55pm on October 20, 2022, Ms. Hilton was found on the floor of her room by nutritional services. Ms. Hilton stated she was attempting to walk to the bathroom when she fell on her left side at the foot of the bed. It was noted that she reported "hitting left side of head on floor" and the nurse noted redness to her left hip.

11.     Defendant Maria Theresa Montales, M.D. was advised of the fall. A right hip x-ray was ordered, which showed no acute findings. Dr. Montales also ordered neurochecks every 4 hours and to inform physician of any mental status changes. No other imaging was ordered.

12.     On October 22, 2022, Ms. Hilton reported to the new hospitalist on duty, Emmanuel N. Tancinco, M.D., that she was feeling nauseated and did not feel well enough for discharge home. The following morning, October 23, 2022, at approximately 8:30am, Ms. Hilton's nurse noted she was "very lethargic and not responsive to sternal rub." STAT CT head was ordered, which showed a "hyperdense/acute subdural hematomas along the falx, right tentorium, and right cerebral convexity with associated mass affect. Trace intraventricular hemorrhage in the left lateral ventricle." Neurosurgery was consulted and felt she was not a safe candidate for surgical intervention. The blood thinners were discontinued and Keppra, Kcentra, and nicardipine were started. She was transferred to the ICU.

13.     On the morning of October 24, Ms. Hilton had status epilepticus with intermittent left facial twitching. She was intubated and neurology was consulted. It was determined she needed continuous EEG monitoring, which SVHHS did not have. The process of transferring Mr. Hilton was started.

14. Ms. Hilton was finally transferred to Mercy Hospital Fort Smith on October 27, 2022. She did not improve and the family made the decision to make her comfort care only. She was extubated on November 8, 2022, and sent to Mercy's inpatient hospice, where she continued to deteriorate. On November 11, 2022, at the request of the family, she was transferred to The Pines Nursing and Rehabilitation in Hot Springs. Upon arrival to The Pines, Jacqueline Hilton was found to be absent of vitals and was pronounced dead shortly after 5:00pm on November 11, 2024.

## COUNT I – DECLARATORY JUDGMENT

15. The allegations contained in paragraphs 1 through 15 are incorporated as if fully restated herein.

16. Defendants DHS and MANN, in her official capacity, have, pursuant to Arkansas Code Ann. § 20-77-301, *et seq.*, asserted a claim, right of repayment, subrogation, or lien in the total amount of $19,074.72, including payments totaling $2,597.73 in connection with the incident made the basis of Plaintiff's medical negligence lawsuit and an estate recovery claim of $16,476.99, which includes payments not associated with the incident made the basis of the medical negligence lawsuit, against the funds the wrongful death beneficiaries and estate are to receive pursuant to the confidential settlement agreement to the underlying action. Plaintiff's attorney will hold in a trust account, the full sum of $19,074.72 pending resolution of the claims and request for relief asserted herein.

17. The above-described funds to be held by Plaintiff's attorney in trust for the wrongful death beneficiaries and estate's benefit constitutes the property of the wrongful death beneficiaries and estate as to which Defendants assert a lien or claim for payment.

18. As a result of the medical negligence further described above, the wrongful death beneficiaries suffered severe personal injuries, including extreme emotional distress due to the

death of their mother. The wrongful death beneficiaries' damages as a result of these **injuries exceeded by many fold the total sum realized from all sources.** The wrongful death beneficiaries' right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the wrongful death beneficiaries.

19. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code § 20-77-301 *et seq.* no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses. The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

20. There exists a genuine controversy between Plaintiff and Defendants as to the extent of Defendants' right of repayment from property owned by Plaintiff and the extent to which Arkansas Code Ann § 20-77-301 *et. seq.*, as applied to the wrongful death beneficiaries and estate's property as described herein above, is pre-empted by 42 U.S.C. § 1396p and whether Defendants' assertion of a lien against the wrongful death beneficiaries and estate's property, under color of state law, deprives the wrongful death beneficiaries and estate of a right under 42 U.S.C. § 1983.

21. Plaintiff, therefore, requests declaratory relief pursuant to 28 U.S.C. § 2201 that, pursuant to *Arkansas Department of Health and Human Services et al v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A. ex rel Johnson*, 133 S.Ct. 1391 (2013), and for the Court to determine the extent, if any, to which the settlement proceeds are attributable to past medical expenses furnished by Defendant DHS, and that the Court further adjudicates and declares by way of a

declaratory judgment that the lien or right of recovery of Defendant DHS is limited to that portion of the settlement adjudicated to be attributable to the past medical expenses.

## COUNT II – INJUNCTIVE RELIEF

22. The allegations contained in the preceding paragraphs are incorporated as if fully restated herein.

23. Defendants DHS and MANN, in her official capacity have, pursuant to Ark. Code Ann. § 20-77-301 *et seq.* asserted a claim or lien in the amount of $19,074.72 against the funds the wrongful death beneficiaries and estate are to receive as a result of the above-described settlement. Plaintiff's attorney is holding in a trust account the sum of $19,074.72 pending resolution of the claims and request for relief asserted herein.

24. The above-described funds to be held by Plaintiff's attorney for the wrongful death beneficiaries and estate's benefit constitutes the property of the wrongful death beneficiaries and estate as to which Defendants assert a lien or claim for payment.

25. Federal law, including the United States Supreme Court decision in *Arkansas DHS v. Ahlborn*, 547 U.S. 268 (2006), establishes that the right to recovery purportedly conferred by Arkansas Code § 20-77-301 *et seq.* confers no more than the right to recover the portion of the settlement or judgment that represents the payment for past medical expenses. The United States Supreme Court has held that with respect to recovery based on payments made on behalf of a Medicaid beneficiary, "a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." *Wos*, 133 S.Ct. at 1399.

26. As a result of the medical negligence further described above, the wrongful death beneficiaries suffered severe personal injuries, including extreme emotional distress due to the death of their mother. The wrongful death beneficiaries' damages as a result of these **injuries**

6

**exceeded by many fold the total sum realized from all sources.** The wrongful death beneficiaries' right to compensation for each of these elements of damages recognized under Arkansas law constitute separate property interests of the wrongful death beneficiaries.

27. Plaintiff requests that Defendants DHS and PUTNAM be permanently enjoined from seeking to impose a lien pursuant to Arkansas Code Ann § 20-77-301 *et seq.* and be permanently enjoined from instituting any action pursuant Arkansas Code Ann § 20-77-301 *et seq.* beyond seeking recovery of that portion of the wrongful death beneficiaries and estate's settlement adjudicated herein to be that attributable for Jacqueline Hilton's past medical expenses furnished by Defendant DHS.

## PRAYER

**WHEREFORE,** Plaintiff demands declaratory and injunctive relief against Defendants and each of them as herein above set forth and that Plaintiff be granted such other and further relief to which she may be justly entitled.

Respectfully submitted,

MARC STEWART LAW, PLLC

By: _____
Marc E. Stewart, ABN 2008008
100 River Bluff Drive, Suite 130
Little Rock, Arkansas 72202
Telephone: (501) 251-1988
Facsimile: (501) 265-0022
marc@marcstewartlaw.com

**ATTORNEY FOR PLAINTIFF**